IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LESHA X. FERRELL, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:13-cv-792-O |
| DHS TRANSPORTATION SECURITY ADMINISTRATION, | § |
| Defendant. | § |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections.[1] The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objection was made. Anything not specifically objected to is subject to review for clear error.

### I.   BACKGROUND

On September 27, 2013, Plaintiff brought the instant suit for damages alleging that Defendant violated 18 U.S.C. § 241. Pl.'s Compl. 4, ECF No. 1. Additionally, Plaintiff contends that "DHS Transportation Security Administration TSA Officers threw away medication on August 2, 2012, without explanation as to why medicines where thrown away," and as a result, violated her due process rights. *Id*. at 2. Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil

---

[1] Plaintiff filed a Motion to Retain Case on Docket after the Magistrate Judge issued his Findings, Conclusions, and Recommendation addressing Defendant's motion to dismiss. *See* Pl.'s Mot. Retain Docket, ECF No. 19. Although Plaintiff does not reference the Magistrate Judge's Findings, Conclusions, and Recommendation, the Court construes Plaintiff's motion as an objection to the Findings, Conclusions, and Recommendation.

Procedure 12(b)(6). Def.'s Mot. Dismiss, ECF No. 16. Plaintiff did not respond. In his Findings, Conclusions, and Recommendation, the United States Magistrate Judge recommended dismissing Plaintiff's claim because her pleadings were deficient. ECF No. 18. Plaintiff filed a Motion to Retain Case on Docket in response. ECF No. 19.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual

allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted its best case when the plaintiff has had "fair opportunity to make out [its] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### III. ANALYSIS

Defendant filed its motion to dismiss on June 30, 2014. ECF No. 16. Plaintiff failed to respond to the motion. The Magistrate Judge entered his Findings, Conclusions, and Recommendation on July 22, 2014, recommending that the case be dismissed with prejudice for failure to state a claim under Rule 12(b)(6). ECF No. 18. Plaintiff filed her Motion to Retain Case on Docket in response. ECF No. 19. Plaintiff has not sought leave to amend her original complaint to cure any deficiencies. Further, in her motion to retain, Plaintiff did not attempt to alter or remedy the original petition. Plaintiff has been sufficiently "apprised of the insufficiency" of her complaint through Defendant's motion to dismiss and the Magistrate Judge's Findings, Conclusions, and Recommendation. *Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). Accordingly, Plaintiff has had a fair opportunity to allege her best case, and has in fact done so.

3

### A. Violation of 18 U.S.C. § 241

Plaintiff contends that the Transportation Security Administration ("TSA") officers violated 18 U.S.C. § 241 by preventing her from taking her medications aboard the plane with her in her carry-on luggage. *See generally* Pl.'s Compl. 2, ECF No. 1. Further, in her Motion to Retain Case on Docket, Plaintiff restates that two TSA officers "went through my property and removed my property I was oppressed intimidated and afraid." Pl.'s Mot. Retain Docket, ECF No. 19. Section 241 states in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 241. Plaintiff cannot seek relief under Section 241 because it is a criminal statute. *See Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) ("In order for a private right of action to exist under a criminal statute, there must be a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.") (citation and internal quotations omitted); *see also Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (stating that a private action may not be brought under federal criminal statute 18 U.S.C. § 241). Accordingly, this objection is overruled.

### B. Wrongful Taking

Plaintiff also maintains that the TSA officers took her medications and discarded them without first affording her due process. Pl.'s Compl. 2, ECF No. 1. Under the Due Process Clause of the United States Constitution, "certain substantive rights–life, liberty, and property–cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v.*

*Loudermill*, 470 U.S. 532, 541 (1985).  In order to establish a deprivation, an individual must first show that she was deprived of a substantive right protected by the Constitution.

The federal government is generally immune from suit unless it has waived such immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The federal government has waived immunity under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346(b)(1).  Under the FTCA, an individual may recover damages for personal injury or loss of property from the United States government as a result of a government employee's negligence.  28 U.S.C. § 1346(b)(1).

In her Motion to Retain Case on Docket, Plaintiff states that she abandoned her property as a result of the TSA officers' search of her luggage.  Pl.'s Mot. Retain Docket, ECF No. 19.  Because Plaintiff notes that she abandoned her medication at the security check point, she cannot maintain a claim for a wrongful taking.  Further, Plaintiff has not alleged any facts to support a claim that the TSA officers acted negligently under the FTCA. *See generally* Pl.'s Compl., ECF No. 1.  Her objection is overruled.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Therefore, Defendant's Motion to Dismiss (ECF No. 16) is hereby **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED with prejudice**.

**SO ORDERED** on this **21st day of August, 2014.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

5